AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Oklahoma

| | | |
|---|---|---|
| JIM D. JOHNSON and AMY JOHNSON, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  13-cv-129 CVE FHM |
| | ) | |
| LOVE, BEAL & NIXON, et al., | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) |  ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: American Heritage Bank, P. O. Box 1408, Sapulpa, OK 74067-1408

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

SEE ATTACHED EXHIBIT "A" FOR DESCRIPTION OF REQUESTED ITEMS

| Place: 6301 Waterford Blvd., Suite 320<br>Oklahoma City, OK 73118 | Date and Time:<br>09/09/2013 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  08/20/2013

CLERK OF COURT

_____    OR    _____
    *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Love, Beal & Nixon, P.C.
_____, who issues or requests this subpoena, are:

Randon J. Grau, OBA #19109, Cheek & Falcone, PLLC, 6301 Waterford Blvd., Suite 320,
Oklahoma City, OK 73118   405/286-9191   rgrau@cheekfalcone.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 13-cv-129 CVE FHM

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                             *Server's signature*

                             _____
                             *Printed name and title*

                             _____
                             *Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT "A"

These instructions are attached as an exhibit to the *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* to inform you concerning the nature of certain documents which you will be expected to produce pursuant to the Subpoena. For the purposes of this Subpoena, you are required to present the described documents where such documents are within or subject to your custody, possession or control. For this purpose, documents which, though not physically in your possession as of the date of service of this Subpoena, are deemed to be in your possession, custody or control if they are within the possession or custody of persons who are subject to your direction and control, for example: attorneys, accountants, storage facilities, etc.

You are further advised that the word "documents" as used herein is given the scope stated by Rule 34, *Federal Rules of Civil Procedure*. Moreover, for the purposes of this Subpoena, the word "documents" as used herein shall also include the customary and broad meaning of the word and means any kind of printed, recorded, written, graphic, electronic (e-mail), digital images, negatives, compact discs, text messages, or photographic matter (including tape recordings), however printed, produced, reproduced, coded or stored, of any kind or description, whether sent or received or not, including originals, drafts, copies, un-identical copies or reproductions, summaries, reports, data compilations and tabulations, whether stored by mechanical, photographic or electronic means (including data processing of all types), and any and all information contained within any computer (including servers) and computer drives (including hard drives and backup drives and files) although not yet printed out.

This Subpoena seeks the following documents pertaining to the **Plaintiffs** and within any files you maintain for said customers, **Jim D. Johnson** (SSN xxx-xx-████) and his spouse, **Amy Johnson**, or either of them:

1. All account applications and signature cards for any deposit account, debit account and/or safety deposit box in which either Plaintiff maintained any ownership, beneficial interest, signature authority or access authority.

2. Periodic statements issued upon any deposit or debit account in which either Plaintiff maintained any ownership, beneficial interest, signature authority or access authority for the period January 1, 2002 through December 31, 2003, together with images of any debit or credit items referenced therein.

3. Periodic statements issued upon any deposit or debit account in which either Plaintiff maintained any ownership, beneficial interest, signature authority or access authority for the period September 6, 2010 through March 5, 2013, together with images of any debit or credit items referenced therein.

4. Any loan application, credit request or financial statement submitted to you by either Plaintiff on or after January 1, 2002.

5. Any promissory note, guaranty agreement, mortgage, pledge or other instrument evidencing indebtedness of either Plaintiff to you, or the pledge of collateral by either Plaintiff to secure repayment of any indebtedness owing you.

**Please note that counsel for the Plaintiffs in this case has been served with a copy of this Subpoena.**