IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

JIM D. JOHNSON, and AMY JOHNSON,

    Plaintiff,

vs.

LOVE, BEAL & NIXON, P.C. and
INFINITY ASSET ACCEPTANCE, LLC,

    Defendants.

Case No.13-CV-129-CVE-FHM

## REPORT AND RECOMMENDATION

Defendant Love, Beal & Nixon, P.C.'s Amended Motion for Attorney's Fee, [Dkt. 62] is before the undersigned United States Magistrate Judge for Report and Recommendation. The undersigned RECOMMENDS that the motion be GRANTED.

The Amended Motion was filed on February 14, 2014 in compliance with the order issued on January 31, 2014 which instructed Defendant to file an amended motion containing information about the number of hours and rates requested. [Dkt. 61]. That same order advised Plaintiffs that their response to the amended motion was due on or before March 7, 2014. The order further advised that "failure to file a response may result in the motion for attorneys fees and costs being deemed confessed." [Dkt. 61, p. 2]. To date, Plaintiffs have not filed a response brief or otherwise objected to Defendant's fee request. Since no objection was filed within the time set, in accordance with LCvR 7.2(e) the undersigned finds that the motion for attorneys fees and costs has been confessed.

Defendants request attorney fees in the amount of $27,692 for 217.3 hours of legal work performed from March 13, 2013 to February 5, ,2014 at rates of $175 per hour for attorney David A. Cheek, $140-155 per hour for attorney Randy Grau, and $90 per hour

for paralegal time. The undersigned finds that the number of hours and rate are reasonable.

The undersigned United States Magistrate Judge RECOMMENDS that Defendant Love, Beal & Nixon, P.C.'s Amended Motion for Attorney's Fee, [Dkt. 62], be GRANTED and the amount of $27,692 be awarded Defendant.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before May 7, 2014.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 23rd day of April, 2014.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

2